# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SYLVIA DIFFENDERFER, ROBERT McCARROLL, *Plaintiffs, on behalf of themselves and as representatives of the class herein defined* <br><br> vs. <br><br> RAMON E. GOMEZ-COLON, individually and in his official capacity as President of the State Electoral Commission of the Commonwealth of Puerto Rico; GERARDO A. CRUZ-MALDONADO, individually and in his official capacity as Electoral Commissioner of the Popular Democratic Party; JUAN DALMAU-RODRIGUEZ, individually and in his official capacity as Electoral Commissioner of the Puerto Rican Independence Party; NELSON ROSARIO-RODRIGUEZ, individually and in his official capacity as Electoral Commissioner of the Puerto Ricans for Puerto Rico Party; EDWIN MUNDO-RIOS, in his official capacity as Electoral Commissioner of the New Progressive Party; WALTER VELEZ-RODRIGUEZ, in his official capacity as Secretary of the State Electoral Commission of the Commonwealth of Puerto Rico; THE JOHN DOE DEFENDANTS, a fictious name for defendants whose identity is unknown at this time <br><br> *Defendants* | Civil No: 08- 1918 (PRD) <br><br> CLASS ACTION FOR: CIVIL RIGHTS, DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND NOMINAL DAMAGES |



## VERIFIED COMPLAINT

**NOW COME THE PLAINTIFFS**, through the undersigned attorneys and respectfully state and pray:

1

## INTRODUCTION

1.1 This class action for declaratory judgment, injunctive relief and nominal damages, which is authorized under the Civil Rights Act of 1871 (42 U.S.C. § 1983) and the doctrine of *Ex Parte Young,* 209 U.S. 123 (1908), arises under the First, Fifth and Fourteenth Amendments to the United States Constitution. It is grounded on defendants' final determination to provide electoral ballots—and the instructions printed therein--solely in the Spanish language, thus, excluding (disfranchising) and unequally treating a class of qualified voters who do not read or understand the Spanish language, but only speak, read and understand the English language. Said actions not only violates and/or restricts said group of qualified voters' right to vote freely but, furthermore, risks and endangers their right to have their votes invalidated, because—contrary to the general population--they would not be able to follow the instructions in the ballot.

## JURISDICTION AND VENUE

2.1 Jurisdiction is conferred on this court by 28 U.S.C. §§ 1331, 1343, 2201, and 2202. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b), because all parties are located in this district, and the acts complained herein occurred in this district.

## PARTIES

3.1 Plaintiff SYLVIA DIFFENDERFER ("Diffenderfer") is a United States citizen born in New Jersey who currently resides in Gurabo, Puerto Rico, and who is duly registered to vote in the November 2008 elections. Although Diffenderfer has lived in Puerto Rico for the past fourteen years, she has never voted in local elections because, given her very limited knowledge of the Spanish language--Diffenderfer cannot read and understand the ballots and instructions therein if printed solely in the Spanish language--she felt intimidated to do so. Furthermore, Diffenderfer also runs a severe risk of her vote being declared void or invalid because she did not

follow the instructions properly since she will not fully understand what they require if they are not in the English language. Diffenderfer seeks injunctive and declaratory relief from this Court so that the Court will make it possible for her to exercise her fundamental democratic voting rights.

3.2 Plaintiff ROBERT McCARROLL ("McCarroll") is a United States citizen born in the State of New York but who has lived in Puerto Rico for many years. Nonetheless, McCarroll cannot read and understand the Spanish language. Plaintiff McCarroll registered to vote in Puerto Rico in advance of the 2004 elections. He attempted to vote in the 2004 general elections, yet, found the ballots to be very confusing. While McCarroll may have recognized a name of a particular candidate or two on a particular ballot, he did not fully understand the instructions on the ballots, not knowing whether he properly voted for any of the candidates whose name he recognized on the ballot and intended to vote for. In fact, Plaintiff McCarroll did not complete various sections of the ballots given him because he was confused and could not comprehend what the instructions in Spanish stated. Particularly, Mr. McCarroll could not vote in the Legislative Ballot because he was not able to understand the instructions. Accordingly, Mr. McCarroll, given his limited comprehension of the Spanish language, was not able to effectively and fully, without restrictions, exercise his right to vote in the 2004 elections. Therefore, unless defendants are required for the upcoming November 2008 elections to provide Plaintiff McCarroll with electoral ballots (and the included instructions) printed in the English language-- the only language that he fully, and without impairing restrictions, understands and is proficient in--he will not be unable to fully exercise his democratic right to vote, as happened in the 2004 elections.

3.3 Plaintiffs McCarroll and Diffenderfer bring this action on behalf of themselves and all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs represent a class consisting of all other qualified voters, who, like plaintiffs, speak, read and understand the English language but are unable to read, understand and/or have fluency in the Spanish language. Moreover, like plaintiffs, they are being deprived of their right to exercise their fundamental right to vote, and ultimately have their vote counted. The claims raised by plaintiffs are typical of the claims of the class, and are based on common issues of law and fact; members of the class are so numerous that joinder of all members is impractical; the defendants have acted on grounds generally applicable to the class, thereby making appropriate preliminary and final injunctive relief and corresponding declaratory relief with respect to the class as a whole; and plaintiffs will, moreover, fairly and adequately protect the interests of the class.

3.4 Defendant RAMON E. GOMEZ-COLON ("Gomez") is the President of the Commonwealth of Puerto Rico's State Election Commission. He is, therefore, President of its Governing Body, in charge of implementing the way the electoral ballots for the General Elections of November 4, 2008 are to be printed. At all times, for the purpose of this action, defendant Gomez was acting under color of state law. He is being sued in his official capacity solely for prospective injunctive relief and in his personal capacity solely for nominal damages.

3.5 Defendant GERARDO A. CRUZ-MALDONADO ("Cruz") is the Electoral Commissioner of the Popular Democratic Party. At all times, for the purpose of this action, defendant Cruz was acting under color of state law. He is being sued in his official capacity solely for prospective injunctive relief and in his personal capacity solely for nominal damages.

3.6 Defendant JUAN DALMAU-RODRIGUEZ ("Dalmau") is the Electoral Commissioner of the Puerto Rican Independence Party. At all times, for the purpose of this

4

action, defendant Dalmau was acting under color of state law. He is being sued in his official capacity solely for prospective injunctive relief and in his personal capacity solely for nominal damages.

3.7 Defendant NELSON ROSARIO-RODRIGUEZ ("Rosario") is the Electoral Commissioner of the Puerto Ricans for Puerto Rico Party. At all times, for the purpose of this action, defendant Rosario was acting under color of state law. He is being sued in his official capacity solely for prospective injunctive relief and in his personal capacity solely for nominal damages.

3.8 Defendant EDWIN MUNDO-RIOS ("Mundo") is the Electoral Commissioner of the New Progressive Party. At all times, for the purpose of this action, defendant Mundo was acting under color of state law. He is being sued in his official capacity solely for prospective injunctive relief.

3.9 Defendant WALTER VELEZ-RODRIGUEZ ("Velez") is the Secretary of the Commonwealth of Puerto Rico's State Election Commission. At all times, for the purpose of this action, defendant Velez-Rodriguez was acting under color of state law. He is being sued in his official capacity solely for prospective injunctive relief.

## FACTUAL ALLEGATIONS

### A. Background

4.1 The official languages of the Commonwealth of Puerto Rico are both Spanish and English. *See: 1 Laws P.R. Ann. § 59.*

4.2 According to the two thousand (2000) United States Census Bureau, fourteen and four tenth of a percentage (14.4%) of the residents of the Commonwealth of Puerto Rico--

educated therein and/or in the Continental United States—speak (read and understand) only the English language. Such is the case of plaintiffs, and the class they represent.[1]

4.3 The State Electoral Commission of Puerto Rico is the arm of the Commonwealth's government in charge of the electoral process. Accordingly, it is the entity responsible for the specifications, bidding, printing, and distribution process of all of the ballots to be used in the upcoming elections, on November 4, 2008.

4.4 In the upcoming general elections qualified voters are to be handed three (3) ballots of different colors, one of which shall include under the insignia of the corresponding party its candidates for Governor and Resident Commissioner, another one shall include under the insignia of the corresponding party its candidates for Legislators, and the other one shall include under the corresponding insignia, the names of the candidates for Mayors and Members of the Municipal Legislature.[2]

4.5 The State Electoral Commission's policymaking authority is delegated to its governing body, which, is composed of a President, who is its Executive Director, and four (4) Electoral Commissioners. Each Electoral Commissioner represents each of the four political parties which registered with the Commonwealth's State Electoral Commission.

4.6 In determining public policy with regards to an electoral matter, such as the language to be used in the ballots and in the incorporated instructions, the matter must be unanimously agreed upon by **all** of the Electoral Commissioners. If such is not the case --absent a unanimous determination-- the matter is referred to the President of the Commission, who unilaterally takes

---

[1] *See*: Exhibit 1, U.S. Census Bureau: Ability to Speak English, Puerto Rico: http://factfinder.census.gov/servlet/QTTable?_bm=y&-context=qt&-qr_name=DEC_2000_SF3_U_QTP17&-ds_name=DEC_2000_SF3_U&-CONTEXT=qt&-tree_id=403&-all_geo_types=N&-redoLog=true&-caller=geoselect&-geo_id=04000US72&-search_results=01000US&-format=&-_lang=en

[2] *See*: PR ST T. 16 § 3211

6

a final decision. The President's decision, thus, binds the entire electorate and is considered an official decision (or policy) of the Commission.[3]

### B. *The Unconstitutional Policy*

5.1 On April 16, 2008, the Electoral Commission (herein "defendants") discussed whether the ballots of the November 4, 2008 general elections–and the instructions required by law therein incorporated[4]-- should be printed in both Spanish and English.

5.2 The issue arose given the concern of the alternate Electoral Commissioner of the New Progressive Party, Mr. Enrique Melendez-Ortiz, that by publishing the ballot--and the voting instructions therein contained--only in the Spanish language, a significant segment of the electorate duly qualified to vote, that does not read, understand and/or are proficient in Spanish (but do use, read and understand English), would be excluded (or disfranchised) and/or would have their voting rights endangered, restricted, or impaired, for not being able to fully and intelligently exercise their rights in an informed manner. Nevertheless, Cruz, the Commissioner for the Popular Democratic Party, requested time to consult with his party about the issue.

5.3 The Commissioners were, ultimately, unable to reach a unanimous decision and, given the case, the matter was submitted to the President of the Commission for his ultimate resolution.[5]

5.4 The President, by way of a Resolution dated July 31, 2008, notified on August 1st, 2008, decided that the Commission was not "required" to print the ballots in the English language because no law or regulation required the Commission to do so.

---

[3] *See*: PR ST T. 16 § 3014.
[4] *See*: PR ST T. 16 § 3211 ("Instructions as to the matter of voting shall be printed on each ballot.")
[5] *See*: PR ST T. 16 § 3014.

7

5.5 Given the press conference publicly criticizing the decision, said determination was disseminated through various articles in the local press, such as one published on August 12, 2008 in The San Juan Star. The articles adduced to the New Progressive Party public statements that such a determination clearly contravened established laws, regulations, and the Constitution of the United States.

5.6 Plaintiffs, and the class which they represent, strongly desire to fully, and/or without any restrictions, exercise their fundamental right to vote and to have their vote fully counted in the upcoming General Elections on November, 4, 2008.

5.7 However, given the fact that the electoral commissioners Cruz, Dalmau, Rosario, and the President of the Commission, have refused to publish the ballots (and their incorporated instructions) in both the Spanish and English languages–without any valid justification whatsoever—plaintiffs, and the class that they represent, unlike the rest of the population, are unable to understand the comprehensive ballot system of the Commonwealth. Thus, even though plaintiffs (and the class which they represent) are qualified voters, they are being unequally excluded from the franchise solely on their limitations of their fluency in Spanish language. Accordingly, their fundamental right to cast a vote is being impaired, restricted and/or limited in a manner different and unequal to voters who are fluent in Spanish, by the acts and omissions of defendants Gomez, Cruz, Dalmau, and Rosario.

5.8 Moreover, given plaintiffs' (and the class which they represent) failure to fully comprehend the written Spanish instructions, they run a significant risk--not shared by the rest of the population--of having their vote invalidated (or annulled) because of failure to comply with the ballot requirements set forth in the instructions, ultimately facing a real probability of not having their votes counted.

5.9 The bid for the production of the ballots took place on August 12, 2008. The same is to be adjudicated on August 22, 2008. And, the ballots are to be printed on September 10, 2008.

## CAUSES OF ACTION

### A. *Violations of the Equal Protection Clause of the United States Constitution*

6.1 Plaintiffs, and the class which they represent, incorporate by reference all preceding paragraphs as if fully set forth herein.

6.2 The Fourteenth Amendment to the United States Constitution guarantees that all citizens will be subject to equal protection under the law.

6.3 A citizen's right to vote and to have the vote counted are fundamental rights subject to the equal protection guarantees under the Fourteenth Amendment.

6.4 Neither a state, nor individuals acting under color of state law, may unjustifiably favor one class of similarly-situated voters over another class of voters in contravention of the fundamental rights secured by the Constitution of the United States.

6.5 The Fourteenth Amendment to the United States Constitution applies with full force in Puerto Rico, to the citizens of Puerto Rico, the government officials and to those acting under color of state law. Puerto Rico is, furthermore, considered a State under 42 U.S.C. §1983.

6.6 The Commonwealth of Puerto Rico's public policy or custom in publishing the electoral ballots—and its incorporated instructions—only in Spanish, unjustifiably denies the equal protection of the laws to a significant percentage of the population which uses, speaks, reads, and understands the English language but have a total and/or very limited proficiency in the Spanish language. Such segment of the population is being, therefore, excluded and/or restricted from voting because of the impairment, while another segment of the voting population is fully aware of what they are actually doing when they decide to exercise their right to suffrage.

Moreover, plaintiffs and the class that they represent–unlike the rest of the Spanish proficient population--also run a significant risk of not having their votes counted, since any contravention to the written instructions provided only in Spanish may invalidate their votes.

6.7 Likewise, the refusal to print the voting ballots and incorporated instructions in both Spanish and English languages creates an unconstitutional classification (and/or discrimination) which ultimate effect is to exclude, restrict and/or disfranchise—without any sort of justification whatsoever--a significant class of a qualified voting population, all in contravention of the equal protection clause of the Fourteenth Amendment.

6.8 Unless defendant Gomez, President of the Puerto Rico Electoral Commission and the defendant Commissioners, take immediate steps to address this improper and unjustified classification, plaintiffs (and the class that they represent) will be unlawfully barred from exercising their rightfully-earned right to vote, solely on their limitations to read or fully understand Spanish; moreover, that their right to have their votes counted would not be endangered.

6.9 In so doing, defendants have caused, or will cause irreparable harm to plaintiffs and the class that they represent, which harm is of continuous nature.

6.10 Defendants have not purported a constitutionally valid motive for their actions and/or omissions, and their failure to assert a valid rationale shows that their actions are not justified under a balancing of interest, furthermore, the same are also irrational.

### B. *Violation of Substantive Due Process of the United States Constitution*

7.1 Plaintiffs, and the class which they represent, incorporate by reference all preceding paragraphs as if fully set forth herein.

7.2 The Fifth and Fourteenth Amendments to the United States Constitution guarantee that no person will be deprived of liberty or property without due process of law.

7.3 A citizen's right to vote is a fundamental right that may not be impaired without a due process of law.

7.4 Plaintiffs, and the class they represent, have a liberty and/or property interest in the fundamental right to vote, that it be effective, and that the same be duly counted.

7.5 The Fifth and/or Fourteenth Amendments to the United States Constitution apply with full force in Puerto Rico, to the citizens of Puerto Rico, and to the government officials and to those acting under color of state law. Puerto Rico is, furthermore, considered a State under 42 U.S.C. §1983.

7.6 By arbitrarily limiting plaintiffs, and the class which they represent, of their right to vote, defendants have deprived them of a fundamental right without due process of law.

7.7 Unless defendants take immediate steps to address election irregularities herein discussed in a timely manner, plaintiffs and the class which they represent will be deprived of their right to vote and/or have their vote invalidated--thus, deprived of their right to have their vote counted--in contravention to their substantive due process rights.

7.8 Defendants actions also have caused, and will continue to cause, irreparable harm to plaintiffs and the class which they represent, who have been unlawfully stripped away of a fundamental right without due process of law.

### C. *Violation of the Privileges and Immunities Clause of the United States Constitution*

8.1 Plaintiffs, and the class they represent, incorporate by reference all preceding paragraphs as if fully set forth herein.

8.2 Section 1 of the Fourteenth Amendment of the Constitution of the United States guarantees that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States […]."

8.3 The Fifth and/or Fourteenth Amendments to the United States Constitution apply with full force in Puerto Rico, to the citizens of Puerto Rico, and to the government officials and to those acting under color of state law. Puerto Rico is, furthermore, considered a State for purpose of 42 U.S.C. §1983.

8.4 State restrictions that baselessly deny or restrict the fundamental right to vote of a significant minority of the registered voting population--without any legally sound justification to do so--deprives plaintiffs (and the class that they represent) of the rights, privileges, immunities and the protections afforded by the United States Constitution.

8.5 The Commonwealth of Puerto Rico, by way of an electoral custom and/or policy to publish the electoral ballots for the general elections (and instructions included therein) solely in the Spanish language, arbitrarily excludes a significant group of its population that uses, reads and understands the English language--but which has a total and/or limited proficiency in the Spanish language--such as plaintiffs and the class they represent; depriving the same of their fundamental rights and privileges as secured by the United States Constitution.

### D. *Violation of the First Amendment Rights of the United States Constitution*

9.1 Plaintiffs, and the class which they represent, incorporate by reference all preceding paragraphs as if fully set forth herein.

9.2 The First Amendment to the United States Constitution guarantees that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise

thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

9.3 The Fourteenth Amendment to the United States Constitution guarantees the protections afforded by the First Amendment against unconstitutional state policy. The Fourteenth Amendment to the United States Constitution applies with full force in Puerto Rico, to the citizens of Puerto Rico, and to the government officials and to those acting under color of state law. Puerto Rico is, furthermore, considered a State for purpose of 42 U.S.C. §1983.

9.4 The current policy and custom adopted by defendants, unequally disfranchises and excludes plaintiffs, and the class which they represent, from fully exercising their free speech right to support the candidates of their choosing, from associating for the purpose of advancing policies and ideas, and/or censures them from expressing themselves democratically, all of which deprives them of their fundamental First Amendment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs and the class which they represent pray the Court to:

(1) Certify the present class of plaintiffs as proper under Rule 23 of the Federal Rules of Civil Procedure;

(2) Issue judgment declaring that the refusal of defendants to provide plaintiffs (and the class that they represent) with voting ballots—and the instructions incorporated therein--in the English language, as are provided in the Spanish language to the population of Spanish speaking registered voters, violates the First, Fifth and Fourteenth Amendments to the Constitution of the United States, under the Civil Rights Act of 1871 [42 U.S.C. § 1983];

(3) Issue of a preliminary and permanent injunction, under the doctrine of *Ex Parte Young*, 209 U.S.123 (1908), directing defendants, their agents, employees, successors, and all persons in active concert or participation with them to provide plaintiffs (and the class which they represent) during the November 4, 2008 General Elections with electoral ballots--and its integrated voting instructions as required by law--in the English language,

as are provided in the Spanish language to the Spanish speaking registered voters, so that qualified voters who do not proficiently read or understand Spanish (yet, read and understand English) can equally exercise their right to vote intelligently and/or minimize the risk of having their vote invalidated or annulled, and avoid that said particular minority be disfranchised or excluded in violation of the First, Fifth and Fourteenth Amendments to the United States Constitution;

(4) Issue of a preliminary injunction staying the bidding process, adjudication and printing of the ballots, scheduled for September 10, 2008, until resolution of the matter requested herein.

(5) Enjoin defendants, their agents, employees, and representatives from denying Plaintiffs their right to vote, and direct Defendants to prepare and circulate an election ballots--and its integrated voting instructions— in English, in accordance with this Court's declarations;

(6) Award plaintiffs their costs in this action, including reasonable attorney's fees; and (6) Grants plaintiffs such other and further relief as may seem just and proper, including, but not limited to, nominal monetary damages in the amount of one dollar ($1.00).

Respectfully submitted in Guaynabo, Puerto Rico on August 19, 2008.

**ALDARONDO & LÓPEZ BRAS**
Attorneys for Plaintiffs
ALB Plaza, Suite 400
#16 Carr.199
Guaynabo, P.R. 00969
Tel. (787) 474-5447 / Fax. (787) 474-5451
e-mail: alb@alblegal.net

*s/ Claudio Aliff Ortiz*
**CLAUDIO ALIFF ORTIZ**
**USDCPR 205313**

*s/ Michael C. McCall*
**MICHAEL C. McCALL**
**USDCPR 210412**

*s/ Simone Cataldi Malpica*
**SIMONE CATALDI MALPICA**
**USDCPR 218109**

## STATEMENT UNDER THE PENALTIES OF PERJURY
## PURSUANT TO 28 USCA § 1746

The undersigned hereby declares under the pains and penalties of perjury: to be of legal age, a citizen of the United States, married, teacher, of a sound mind, and resident of Gurabo PR; that I have read the factual allegations in the foregoing complaint which are relevant to my case and that such allegations are true to the best of my knowledge, information and belief.

*Sylvia Diffenderfer*
SYLVIA DIFFENDERFER

## STATEMENT UNDER THE PENALTIES OF PERJURY
## PURSUANT TO 28 USCA § 1746

The undersigned hereby declares under the pains and penalties of perjury: to be of legal age, a citizen of the United States, single, a freelance writer, of a sound mind, and resident of Carolina PR; that I have read the factual allegations in the foregoing complaint which are relevant to my case and that such allegations are true to the best of my knowledge, information and belief.

*[signature]*

ROBERT MCCARROLL

**U.S. Census Bureau**
American FactFinder

QT-P17. Ability to Speak English: 2000
Data Set: Census 2000 Summary File 3 (SF 3) - Sample Data
Geographic Area: **Puerto Rico**

NOTE: Corrected counts are available for one or more geographies displayed in this table.

NOTE: Data based on a sample except in P3, P4, H3, and H4. For information on confidentiality protection, sampling error, nonsampling error, definitions, and count corrections see http://factfinder.census.gov/home/en/datanotes/expsf3.htm.

| Subject | Number | Percent |
|---|---:|---:|
| **POPULATION 5 YEARS AND OVER BY LANGUAGE SPOKEN AT HOME AND ABILITY TO SPEAK ENGLISH** | | |
| **Population 5 years and over** | 3,515,228 | 100.0 |
| Speak only English | 506,661 | 14.4 |
| Speak a language other than English | 3,008,567 | 85.6 |
| | | |
| **Spanish** | 3,001,286 | 100.0 |
| Speak English "very well" | 477,611 | 15.9 |
| Speak English "well" | 538,000 | 17.9 |
| Speak English "not well" | 629,911 | 21.0 |
| Speak English "not at all" | 1,355,764 | 45.2 |
| | | |
| **Other Indo-European languages** | 4,217 | 100.0 |
| Speak English "very well" | 2,700 | 64.0 |
| Speak English "well" | 871 | 20.7 |
| Speak English "not well" | 384 | 9.1 |
| Speak English "not at all" | 262 | 6.2 |
| | | |
| **Asian and Pacific Island languages** | 1,819 | 100.0 |
| Speak English "very well" | 652 | 35.8 |
| Speak English "well" | 308 | 16.9 |
| Speak English "not well" | 369 | 20.3 |
| Speak English "not at all" | 490 | 26.9 |
| | | |
| **All other languages** | 1,245 | 100.0 |
| Speak English "very well" | 448 | 36.0 |
| Speak English "well" | 376 | 30.2 |
| Speak English "not well" | 238 | 19.1 |
| Speak English "not at all" | 183 | 14.7 |
| | | |
| **ABILITY TO SPEAK ENGLISH** | | |
| **Population 5 years and over** | 3,515,228 | 100.0 |
| Speak a language other than English | 3,008,567 | 85.6 |
| 5 to 17 years | 682,217 | 19.4 |
| 18 to 64 years | 1,968,160 | 56.0 |
| 65 years and over | 358,190 | 10.2 |
| Speak English less than "very well" | 2,527,156 | 71.9 |
| 5 to 17 years | 609,733 | 17.3 |
| 18 to 64 years | 1,604,458 | 45.6 |
| 65 years and over | 312,965 | 8.9 |
| | | |
| **ABILITY TO SPEAK ENGLISH IN HOUSEHOLD** | | |
| Linguistically isolated households[1] | 761,919 | (X) |
| | | |
| **Population 5 years and over in households** | 3,468,903 | 100.0 |
| In linguistically isolated households[1] | 2,011,195 | 58.0 |
| 5 to 17 years | 467,294 | 13.5 |
| 18 to 64 years | 1,287,143 | 37.1 |
| 65 years and over | 256,758 | 7.4 |

(X) Not applicable.
[1] A linguistically isolated household is one in which no member 14 years old and over (1) speaks only English or (2) speaks a non-English language and speaks English "very well." In other words, all members 14 years old and over have at least some difficulty with English.
Source: U.S. Census Bureau, Census 2000 Summary File 3, Matrices P19, P20, PCT13, and PCT14.