IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SYLVIA DIFFENDERFER, et al<br><br>Plaintiffs<br><br>V.S.<br><br>RAMÓN E. GÓMEZ-COLÓN, et al<br><br>Defendants | CIVIL CASE NO.: 08-1918 (JAF)<br><br><br>VOTING RIGHTS |

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' REQUEST FOR CLASS CERTIFICATION

**TO THE HONORABLE COURT:**

**COMES NOW** co-defendant Gerardo A. Cruz-Maldonado, through the undersigned counsel and very respectfully **SETS FORTH** and **PRAYS:**

### I.   INTRODUCTION

In the instant action, two purportedly qualified voters assert a plethora of constitutional challenges to the long-standing policy of the Puerto Rico State Elections Commission (hereinafter referred to as the "Commission") of printing the ballots and instructions for the general elections solely in the Spanish language. These two plaintiffs also purport to represent a class of similarly placed voters. It is not until the filing of their Court-ordered brief, earlier today that plaintiffs address the all-too-important issue of class certification. See Docket Number 22-2 at 29-34.

For the foregoing reasons, class certification must be denied and tomorrow's hearing be limited to the scope of the two plaintiffs of caption.

### II.   DISCUSSION

**A) CLASS ACTIONS GENERALLY**

It is not enough for a plaintiff or a group of plaintiffs to file a civil action as representatives of a class. Rather, Rule 23 of the Federal Rules of Civil Procedure sets forth the *sine qua non* requirements that must be met before a group of citizens is allowed to represent a class. Therefore, "[a] district court must conduct a **rigorous analysis of the prerequisites established by Rule 23** before certifying a class." Smilow v. Southwestern Bell Mobile Sys., 323 F.3d 32, 38 (1st Cir. 2003). In order for class a certification to issue, the

plaintiffs seeking such certfication must comply with **all four** criteria set forth in F.R.C.P. 23(a) **and at least with one of the three** criteria in F.R.C.P. 23(b). <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 614 (1997)  The four elements under Rule 23(a) are commonly known as 1) numerosity; 2) commonality; 3) typicality; and 4) adequacy of representation. <u>Tardiff v. Knox County</u>, 365 F.3d 1, 4 (1st Cir. 2004) ("All class actions certified under Rule 23 must meet certain prerequisites listed in subsection (a): there must be numerosity of class members, common questions of law or fact, the representative must be typical of the class, and his or her representation of the class must be adequate."). Demonstrating the existence of Rule 23 class certification prerequisites is of course a burden that the plaintiffs must shoulder. <u>Makuc v. American Honda Motor Co., Inc.</u>, 835 F.2d 389, 394 (1st Cir.1987).  Additionally, class certification should be denied where the relief sought by the plaintiffs would benefit the potential members of the class, thereby rendering class certification a superfluous exercise. <u>García-Rubiera v. Flores-Galarza</u>, 516 F. Supp. 2d 180, 198 (D.P.R. 2007).

In deciding whether or not to certify a class, the Court is not shackled by the pleadings in the complaint and may probe behind them. <u>Gen. Telephone Co. v. Falcon</u>, 457 U.S. 147, 160 (1982).

As we shall demonstrate, the Rule 23(a) basic requirements are not met in the instant action.

B) **NUMEROSITY**

Then issue of numerosity is viewed under the particular circumstances of each case, regardless of the potential amount of members of a resulting class. <u>Andrews v. Bechtel Power Corp.</u>, 780 F.2d 124, 131 (1st Cir. 1985).  Plaintiffs attempt to dispatch this requirement by citing to the Bureau of the Census web page print out that they attached to the complaint, wherein the figures of 14.4%, or 506,661 inhabitants of Puerto Rico (as of the year 2000), **ages 5 and older**, only spoke English[1].  Without any effort to explain their calculus, plaintiffs state that they estimate the class at over 500,000 voters. It must be noted that the class definition must be based on objective criteria so that class members may be identified

---

[1] We must say that this official number seems to be inconsistent with what we see every day out on the streets. This could be due to the fact that the Census relies on answers to its written questionnaires and the Bureau has no control over the answers that people give.  This is probably why, according to the Census, almost 100% of Puerto Ricans are "Caucasian".  In any event, this is the official number.

without individualized fact finding.  Crosby v. Social Sec. Admin., 796 F.2d 576, 579-580 (1st Cir. 1986).

For starters, we do not know how many of the 506,661 inhabitants estimated by the Census will be ages 5-17 on November 4, 2008 and may therefore not qualify as class members.  The cold Census number makes no distinction as to: 1) who is interested in voting; 2) who is registered to vote; or 3) who does not know how to vote in Puerto Rico.

Inasmuch plaintiffs rely in an official Census number that merely designates what a portion of the population's primary language is, without regard to any of the core electoral contentions of the case, any determination of numerosity would require a gargantuan leap of faith.

c) COMMONALITY AND TYPICALITY

The issues of commonality and typicality are usually addressed together, inasmuch they tend to merge into each other.  Rodríguez-Feliciano v. P.R. Elec. Power Auth., 240 F.R.D. 36, 39 (D.P.R. 2007).  Plaintiffs bear the burden of establishing that they **"possess the same interest and suffer the same injury as the class members**." Falcon, 457 U.S. at 156 (emphasis added); see also Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974).  Alas, plaintiffs need to persuade the Court that the group of anglo-parlants that they have described as a class are: 1) interested in voting in the November 4, 2008; **and** 2) cannot do so effectively, without bilingual instructions/ballots.

In attempting to satisfy these requirements, plaintiffs once again assume too much.  There is absolutely no basis (particularly not from the Census print out) to conclude that (as plaintiffs state) **all** English-speaking citizens of Puerto Rico have problems understanding how to vote.  The fact that this is the **first judicial action ever filed** addressing the issue (despite the fact that the challenged policy **has been in effect for decades**) certainly works against plaintiffs' contention that there are hundreds of thousands of people out there with their exact same problem.  Also against the plaintiffs is the fact that only two individuals have appeared as purported class representatives, an unusually low number for a class as large as alleged.

Also relevant to this query is, the **current** degree of understanding of the Spanish language (something usually acquired in the course of living in a place where other languages

3

are spoken) and of electoral proceedings (which an interested elector, even he/she does not understand the language, may easily obtain from friends and/or through research), **something that may only ascertained from an individual examination of all class members**.

This requirements are not met either.

### D) ADEQUATE REPRESENTATION

The final requirement of Rule 23(a) is that the class representatives must be able to fairly and adequately protect the interests of the class.  Berenson v. Nat'l Fin. Servs. LLC, 485 F.3d 35, 38 (1st Cir. 2007).  Of particular importance, is the need for the class representatives not to have conflicting interests with the other members of the class.  Andrews, 780 F.2d at 130.

There is broad scope of possible remedies to be afforded in the instant case and the Commission is willing to engage into a number of arrangements (such as offering English-language orientations, the dissemination of English language informative materials, the approval of regulations allowing English-speaking voters to go into the voting booth accompanied, etc.).  If plaintiffs' legal representation decides (in order to enlarge their fees or for some other consideration) that they wish to **reject** all of the above alternative, **regardless of whether individual class members would be satisfied with said solutions**, a patent conflict of interest would arise.

Given the above particular circumstance in this case, it cannot be said that plaintiffs are adequate representatives of the putative class.

### E) RULE 23(B)

Given plaintiffs' failure to comply with the 4 basic requirements of Rule 23(a), we need not consider whether they meet one the three criteria under Rule 23(b).

**WHEREFORE** it is very respectfully requested from this Honorable Court that the request for class certification be hereby **DENIED**.

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the instant document has been filed with the Court's CM/ECF System, which will simultaneously serve notice on all counsels of record,

to their registered e-mail addresses. Any non-registered attorneys and/or parties will be served via regular mail.

In San Juan, Puerto Rico this 26th day of August, 2008.

RESPECTFULLY SUBMITTED,

LAW OFFICES OF PEDRO ORTIZ ÁLVAREZ, PSC
P.O. Box 9009
Ponce, Puerto Rico 00732
Tel (787) 841-7575
Fax (787) 841-0000

*S/ Jorge Martínez Luciano*
JORGE MARTINEZ LUCIANO
USDC-PR Number 216312
e-mail: squalus@rocketmail.com

*S/ Emil Rodríguez Escudero*
EMIL RODRÍGUEZ ESCUDERO
USDC-PR Number 224312
e-mail: emil@poapr.com

*S/ Carmen Edith Torres Rodríguez*
CARMEN EDITH TORRES RODRÍGUEZ
USDC-PR Number 222313
e-mail: ctorres@poapr.com