UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| SYLVIA DIFFENDERFER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAMON E. GÓMEZ-COLÓN, et al., <br><br> Defendants. | Civil No. 08-1918 (JAF) |

**OPINION AND ORDER**

Plaintiffs, Sylvia Diffenderfer and Robert McCarroll, brought this action on behalf of themselves and as representatives of a class of eligible voters in Puerto Rico who do not speak Spanish, against Defendants, Ramón Gómez-Colón, President of the State Electoral Commission of Puerto Rico (SEC); Gerardo Cruz-Maldonado, Electoral Commissioner of the Popular Democratic Party (PDP); Juan Dalmau-Rodríguez, Electoral Commissioner of the Puerto Rican Independence Party (PIP); Nelson Rosario-Rodríguez, Electoral Commissioner of the Puerto Ricans for Puerto Rico Party (PPR); and Walter Vélez-Rodríguez, Secretary of the State Electoral Commission of the Commonwealth of Puerto Rico, challenging Puerto Rico's Spanish-only ballot system under 42 U.S.C. 1983. Docket No. 1. On September 2, 2008, following a hearing, we issued an Opinion and Order granting the injunctive relief sought by Plaintiffs and requiring Defendants to print the ballots in both English and Spanish. Docket No. 49. On September 4, 2008, the First Circuit denied Cruz-Maldonado's appeal. Docket No. 56. We subsequently held two more hearings on September 5

Civil No. 08-1918 (JAF)                                                    -2-

and 10, 2008, to enforce compliance with our injunction. Docket Nos. 61, 62, 77.

Plaintiffs now seek compensation for $122,988.75 in attorney's fees based on 663.5 hours of work. Docket Nos. 81, 82. Cruz-Maldonado opposes, Docket No. 86, Gómez-Colón and Vélez-Rodríguez oppose, Docket No. 93, and Plaintiffs reply, Docket No. 96.

**I.**

**Analysis**

**A.   Gómez-Colón and Vélez-Rodríguez' Opposition**

Gómez-Colón and Vélez-Rodríguez argue that Plaintiffs have sought attorney's fees for duplicative and excessive hours.[1] Docket No. 93-1. Plaintiffs counter that this was a complex case, and that they are entitled to full compensation for all time spent by their six attorneys, Eliezer Aldarondo-Ortiz, Claudio Aliff-Ortiz, Iván Castro-Ortiz, Michael Craig McCall, Sheila Torres-Delgado, and Eliezer Aldarondo-López, in litigating before the District Court and the Court of Appeals. Docket No. 96.

---

[1] Gómez-Colón and Vélez-Rodríguez do not challenge the billing rates used by Plaintiffs' counsel. See Docket No. 93-1. Plaintiffs have presented prima-facie evidence of the reasonableness of their counsel's fees as compared to other attorneys practicing in the District of Puerto Rico. Because Gómez-Colón and Vélez-Rodríguez do not present any evidence or arguments to counter this showing, we do not reduce the rates. However, we do not express an opinion as to the ultimate reasonableness of Plaintiffs' counsel's fees in the Puerto Rico legal community. Accordingly, we award fees at the following rates:

>  Aldarondo-Ortiz: $310/hour in court and $285/hour out of court
>  Aliff-Ortiz: $230/hour in court and $210/hour out of court
>  Castro-Ortiz: $210/hour in court and $190/hour out of court
>  McCall: $205/hour in court and $185/hour out of court
>  Torres-Delgado: $160/hour in court and $140/hour out of court
>  Aldarondo-López: $150/hour in court and $130/hour out of court.

Plaintiffs seek attorney's fees pursuant to 42 U.S.C. § 1988, which provides that in an action to enforce § 1983, we may allow the prevailing party "a reasonable attorney's fee." We have "great discretion in deciding what claimed legal services should be compensated." Brewster v. Dukakis, 3 F.3d 488, 492 (1st Cir. 1993). Plaintiffs who substantially prevail may not necessarily recover the totality of their requested fees. See Culebras Enters. Corp. v. Rivera-Ríos, 846 F.2d 94, 102 (1st Cir. 1988). Instead, we must calculate a reasonable fee award using the "lodestar" method. Id. "In implementing this lodestar approach, the judge first calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). Once calculated, "the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in certain circumstances." Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992).

We address Gómez-Colón and Vélez-Rodríguez' arguments for downward reductions in the fee award in turn. We note that Gómez-Colón and Vélez-Rodríguez have helpfully provided us with a breakdown of hours and fees devoted to each task that they challenge. See Docket No. 93. Because Plaintiffs have not questioned the particulars of this breakdown, we use it as a basis for calculating the fee award.

### 1. "Fees on Fees"

Gómez-Colón and Vélez-Rodríguez argue that both the hourly rate and hours billed for the fee application are excessive. Docket No. 93-1. We may award attorney's fees for time reasonably expended in connection with fee applications; however, since these applications require less legal analysis, we may fairly apply a reduced rate. Brewster, 3 F.3d at 493-94. Therefore, we award time for the fee application at 75% of the attorney's regular billing rate. We also find that Torres-Delgado's claimed time for this work was excessive. Her time sheet lists 25.25 hours worth of work for the task of "review of time sheets and files for petition of attorneys fees." See Docket No. 93-2. This appears excessive, and we reduce it by 50%. We find the time otherwise spent in preparation of the fee application to be reasonable.

Accordingly, we award $2,493.75[2] for Torres-Delgado's time and $427.5[3] for Aldarondo-Ortiz' time, for a total of $2,921.25. This is a reduction of $2,723.75 from the claimed fee of $5,645 for these services.

### 2. Researching and Drafting Complaint and Brief

Gómez-Colón and Vélez-Rodríguez further argue that the time spent researching and drafting the complaint and brief are excessive. Docket No. 93-1. However, we find that the issues involved in the suit were both novel and complex and it was, therefore, appropriate for Plaintiffs' counsel to spend a substantial amount of time

---

[2] $(.75 * \$140)*(11 + .5 * 25.5)$

[3] $(.75 * \$285) * 2$

conducting legal research. We, therefore, permit $33,630.25 in fees for the drafting of the complaint and brief.

### 3. Meeting Among the Attorneys

Gómez-Colón and Vélez-Rodríguez argue that we should not award fees for the 32.75 man-hours spent in meetings among Plaintiffs' five attorneys. Docket No. 93-1. As stated above, we believe that this case presented novel and complex issues, rendering it appropriate for Plaintiffs' counsel to spend a substantial amount of time in strategy meetings. We, therefore, do not find the 32.75 man-hours in meetings to be inappropriate and, accordingly, award $7,082.50 in attorney's fees for the time spent in strategy meetings.

### 4. Meeting with Plaintiffs

Gómez-Colón and Vélez-Rodríguez argue that we should reduce the fees sought for the twenty-nine man-hours in meetings between counsel and Plaintiffs. Docket No. 93-1. Counsel for Plaintiffs spent six man-hours in an initial interview with Plaintiffs, 7.5 man-hours in a second interview, three man hours in a third interview, and 12.5 man-hours in preparation of testimony. See Docket No. 93-2. As the facts in this case were clear and uncontroverted, we find that only the initial interview and the preparation of testimony are compensable. Accordingly, we award $2,777.50[4] for the meetings with Plaintiffs. This represents a $3,132.50 reduction from the claimed fee of $5,910 for these services.

---

[4] $2 * (\$285 + \$150 + \$210) + 4 * \$210 + 3.5 * \$185$

Civil No. 08-1918 (JAF)                                              -6-

### 5. **Meeting with Attorney Meléndez**

Gómez-Colón and Vélez-Rodríguez argue that we should reduce the fee sought for the sixteen man-hours spent by Plaintiffs' counsel in preparing Attorney Meléndez, an electoral commissioner, to testify. Docket No. 93-1. We agree. Meléndez' testimony, including the cross-examination, lasted only one and one-half hours, and did not require sixteen hours of preparation. We, therefore, award fees for eight total man-hours, for a total of $1700.[5] This represents a reduction of $1,785 from the claimed fee of $3,485.

### 6. **Reviewing Documentary Evidence**

Gómez-Colón and Vélez-Rodríguez argue that the nineteen man-hours spent reviewing documentary evidence is excessive. However, they do not explain why nineteen hours is excessive for reviewing fifteen exhibits. Accordingly, we grant $4,965[6] in fees for the time spent reviewing documentary evidence.

### 7. **Court Time**

Gómez-Colón and Vélez-Rodríguez argue that the 40.5 man-hours spent on the day of the hearing were excessive. Docket No. 93-1. Specifically, they argue, not all five attorneys needed to be present at the hearing. Id. Courts "should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism." Lipsett v. Blanco, 975 F.2d 934, 938 (1st Cir. 1992); see Grendel's Den, Inc., v. Larkin, 749 F.2d 945, 953 (1st Cir. 1984). We agree with Gómez-Colón and Vélez-Rodríguez that two

---

[5] 4 * $285 + 4 * 140

[6] 13 * $285 + 6 * $210

attorneys would have sufficed. Accordingly, we grant fees for the highest-billing two attorneys, Aldarondo-Ortiz and Aliff-Ortiz, for a total of $4,417.50.[7] This represents a $4,060 reduction from the claimed fee of $8,477.50.

### 8. Monitoring the Media

Gómez-Colón and Vélez-Rodríguez argue that time spent monitoring the media is not time spent in litigation and is, therefore, not compensable. Docket No. 93-1. However, given the public nature of this case, public statements by Defendants might reveal information about their legal strategies. We, therefore, permit recovery of $140 in fees for media monitoring.

### 9. Opposing the Appeal

Gómez-Colón and Vélez-Rodríguez argue that we should not award attorney's fees for time spent opposing the appeal. Docket No. 93-1. Federal Rule of Appellate Procedure 38 provides that the court of appeals may award attorney's fees as "just damages" for frivolous appeals. See Cronin v. Town of Amesbury, 81 F.3d 257, 261 (1st Cir. 1996). "Under Rule 38 the district court is not empowered to award fees for proceedings before [the Court of Appeals.]" Flip Side Prods., Inc. v. Jam Prods., Ltd., 843 F.2d 1024, 1037 (7th Cir. 1988). Plaintiffs may be entitled to damages if they can demonstrate that the appeal to the First Circuit was frivolous; however, those fees must be granted by the Court of Appeals. See Fed. R. App. P. 38. Accordingly, we deny the $26,150 claimed in attorney's fees based on the appeal.

---

[7] 1.5 * $285 + 7 * $310 + 1 * $210 + 7 * $230

Civil No. 08-1918 (JAF)                                                     -8-

**10.  Preparing for and Attending the Second Hearing**

Gómez-Colón and Vélez-Rodríguez argue that we should reduce the fees requested in connection with the second hearing because Plaintiffs overstaffed the hearing. Docket No. 93-1. Plaintiffs' counsel spent 28.5 man-hours preparing for and attending the hearing held on September 5, 2008. See Docket No. 93-2. Four attorneys prepared for and attended the hearing, each spending 2.5 hours in preparation and 2.5 hours in attendance. Id. Additionally, McCall spent 3.5 hours drafting a motion on September 4, 2008, and McCall and Aldarondo-Ortiz spent 2.5 hours in a meeting on September 5 discussing the motion. Id. We find that this constitutes overstaffing and, accordingly, grant fees only for the time spent by Aldarondo-Ortiz and McCall, for a total of $4,285[8] in fees. This represents a reduction of $1,425 from the claimed fee of $5,710.

**11.  Preparing for and Attending the Show-Cause Hearing**

Gómez-Colón and Vélez-Rodríguez argue that we should reduce the fees requested in connection with the show-cause hearing held on September 9, 2008. Docket No. 93-1. Plaintiffs' counsel spent eighteen man-hours preparing for and attending the hearing held September 9, 2008. See Docket No. 93-2. We agree that it was unnecessary for four attorneys to prepare for and attend this hearing. We grant fees only for the time spent by Aldarondo-Ortiz and

---

[8] 3.5 * $185 + 2.5 * ($185 + $285) + 2.5 * ($185 + $285) + 2.5 * ($310 + $205)

Civil No. 08-1918 (JAF)                                                    -9-

McCall, for a total of $2,362.50.[9] This represents a $1,222.50 reduction from the claimed fee of $3,585.

**12.  Subtotal**

With deductions totaling $40,498.75,[10] Plaintiffs are entitled to $82,490[11] in attorney's fees.

**13.  Across-the-Board Reduction for Billing by the Quarter-Hour**

In reviewing Plaintiffs' time sheet, we find it necessary to make an additional adjustment to the fee award. Plaintiffs' counsel bills its time in quarter-hour increments, and bills a full quarter-hour for reading each docket entry, including line orders that should require no more than a few moments to read. For example, on August 27, 2008, Aldarondo-Ortiz billed six quarter-hour increments for reading six brief line orders. See Docket No. 93-1. Plaintiffs have billed at least fifty similarly menial items for a quarter-hour or half-hour, when they likely took a fraction of the time. See id. Billing in quarter-hour increments is an unreasonable practice that will tend to inflate Plaintiffs' total hours billed by adding time to each entry. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948-49 (9th Cir. 2007); Dzwonkowski v. Dzwonkowski, No. 05-0544-KD-C, 2008 WL 2163916, *26 (S.D. Ala. May 16, 2008). To compensate for this inflation, we impose a 20% reduction in the total amount of

---

[9] 1.5 * ($210 + $285) + 3 * ($310 + $230)

[10] $2,723.75 + $3,132.50 + $1,785 + $4060 + $26,150 + $1425 + $1222.50

[11] $122,988.75 requested - $40,498.75 in deductions

Plaintiffs' attorney's fee award. See Welch, 480 F.3d at 948-49 (approving 20% across-the-board reduction on attorney's fee award because of firm's practice of billing in quarter-hour increments).

Accordingly, we grant Plaintiffs a total of $65,992[12] in attorney's fees.

**B.   Cruz-Maldonado's Opposition**

Cruz-Maldonado argues that we cannot assess attorney's fees against him because Plaintiffs did not prevail against him. Docket No. 86. Cruz-Maldonado notes that the First Circuit ruled against him on the appeal for lack of standing, and argues that if he lacked standing, he cannot be compelled to pay attorney's fees. Id.

"[L]iability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against . . . § 1988 does not authorize a fee award against that defendant." Kentucky v. Graham, 473 U.S. 159, 165 (1985). It would be improper to grant attorney's fees against Cruz-Maldonado based on District Court proceedings when the First Circuit has found that "Cruz-Maldonado has no personal stake in the outcome and no damages were awarded against him." Docket No. 90. Accordingly, we do not award attorney's fees against Cruz-Maldonado. We note that Plaintiffs may be entitled to attorney's fees from Cruz-Maldonado for the appeal, but, as stated above, those fees must be awarded by the First Circuit.

---

[12] .8 * $82,490

## II.

## Conclusion

In accordance with the foregoing, we **GRANT IN PART** Plaintiffs' motion for attorney's fees, Docket No. 81. We hereby **ORDER** Defendants to pay Plaintiffs $65,992 in attorney's fees.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 1st day of April, 2009.

                                             S/José Antonio Fusté
                                             JOSE ANTONIO FUSTE
                                             Chief U.S. District Judge