UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| SYLVIA DIFFENDERFER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAMÓN E. GÓMEZ-COLÓN, et al., <br><br> Defendants. | Civil No. 08-1918 (JAF) |

**OPINION AND ORDER**

On April 1, 2009, we ordered Defendants Ramón Gómez-Colón, President of the State Electoral Commission of Puerto Rico (SEC), Gerardo Cruz-Maldonado, Electoral Commissioner of the Popular Democratic Party (PDP), Juan Dalmau-Rodríguez, Electoral Commissioner of the Puerto Rican Independence Party (PIP), Nelson Rosario-Rodríguez, Electoral Commissioner of the Puerto Ricans for Puerto Rico Party (PPR), and Walter Vélez-Rodríguez, Secretary of the State Electoral Commission of the Commonwealth of Puerto Rico, to pay Plaintiffs Sylvia Diffenderfer and Robert McCarroll $65,992.00 in attorney's fees pursuant to 42 U.S.C. § 1988 following our grant of injunctive relief in Plaintiffs' favor in the underlying civil rights suit. Docket No. 100. On April 6, 2009, Plaintiffs moved for reconsideration of our order under Rules 59 of the Federal Rules of Civil Procedure. Docket No. 103. The motion is unopposed.

Pursuant to Federal Rule of Civil Procedure 59(e), we entertain motions for reconsideration to (1) correct manifest errors of law or fact, (2) consider newly discovered evidence, (3) incorporate an intervening change in the law, or (4) otherwise prevent manifest

injustice. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); see also Dr. José S. Belaval, Inc. v. Pérez-Perdomo, 465 F.3d 33, 37 n.4 (1st Cir. 2006); Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997); FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992). Additionally, pursuant to Federal Rule of Civil Procedure 60(a), we may, on our own motion, correct clerical errors in judgments or orders.

Plaintiffs argue that we must reconsider our order because (1) we should not have imposed any reduction due to Plaintiffs' practice of billing in quarter-hour increments because Defendants did not challenge that practice; (2) our across-the-board reduction of twenty percent for the use of quarter-hour billing increments was unreasonable; and (3) we failed to award litigation expenses. Docket No. 103. We address these issues in turn.

First, Plaintiffs argue that we should not have reduced the award because of Plaintiffs' billing practice when Defendants did not challenge that practice. Docket No. 100. However, even in the absence of opposition, we have a duty to ensure that the amount requested by prevailing opponents is reasonable. Zayas v. Puerto Rico, 451 F. Supp. 2d 310, 315 (D.P.R. 2006); see also Chalmers v. City of Los Angeles, 796 F.2d 1205, 1213-14 (9th Cir. 1986) (reducing unopposed request of attorney's fees from 160 to ninety based on court's experience with case). Therefore, we reject Plaintiffs' argument that we are precluded from examining the reasonableness of

Civil No. 08-1918 (JAF)                                                      -3-

Plaintiffs' billing practices because Defendants failed to raise the issue.

Second, Plaintiffs argue that we erred in imposing an across-the-board reduction of twenty percent for Plaintiffs' practice of billing in quarter-hour increments. Docket No. 103. We may deny attorney's fees entirely where the hours billed were so excessive as to be "plainly improper." See Lewis v. Kendrick, 944 F.2d 949, 957-58 (1st Cir. 1991). A percentage reduction of fees may be appropriate in response to practices that tend to inflate hours across the board, see Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948-49 (9th Cir. 2007) (approving twenty percent across-the-board reduction on attorney's fee award because of firm's practice of billing in quarter-hour increments), or where the fee request is so lengthy as to make an hour-by-hour review impracticable, see, e.g., Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994) (approving of across-the-board reduction for voluminous fee applications) (citing cases).

Plaintiffs appear to misunderstand our order as imposing an across-the-board reduction as a penalty for the fifty items we deemed "menial." See Docket No. 103. In fact, as we stated in our order, "[b]illing in quarter-hour increments is an unreasonable practice that will tend to inflate Plaintiffs' total hours billed by adding time to each entry." Docket No. 100 (emphasis added) (citing Welch, 480 F.3d at 948-49; Dzwonkowski v. Dzwonkowski, No. 05-0544-KD-C, 2008 WL 2163916, at *26 (S.D. Ala. May 16, 2008)). The fifty items we deemed menial and dramatically over-billed were simply examples of the way in which Plaintiffs' counsel's practice of billing tended to

Civil No. 08-1918 (JAF)                                                    -4-

inflate each entry.[1]  Because the fee application is lengthy, we imposed an across-the-board reduction rather than engaging in an hour-by-hour review to determine which items other than the fifty cited were likely inflated by the quarter-hour billing system.  See Welch, 480 F.3d at 948-49; Loranger, 10 F.3d at 783.  Our decision to impose an across-the-board reduction of twenty percent was therefore reasonable.

Third, Plaintiffs note that we failed to consider its application for litigation expenses of $1,558.34.  Docket No. 103. Section 1988 provides that we may award both attorney's fees and litigation costs.  42 U.S.C. § 1988.  We erred in neglecting to award Plaintiffs $1,558.34 in litigation costs.  Accordingly, we modify our order to reflect an award of $65,992.00 in attorney's fees and $1,558.34 in costs, for a total of $67,550.34.  See Fed. R. Civ. P. 59(e).

Finally, we correct our order to reflect our intention that no attorney's fees shall be awarded against any of the individual members of the Electoral Commission.  Compare Docket No. 100 (holding that fees shall not be awarded against Defendant Cruz-Maldonado, a member of the Electoral Commission) with Docket No. 90 (stating that single members of the Electoral Commission lacked a personal stake in

---

[1] We also noted in our order that on August 27, 2008, one of Plaintiffs' attorneys billed six quarter-hour increments for reading six brief line orders.  See Docket No. 93-1.  This shows a problem with Plaintiffs' counsel's billing method, both because of their practice of billing in quarter-hour increments and because they apparently bill each task for at least one quarter-hour increment without regard to how much time the task actually took.  This method is plainly improper.  See Lewis, 944 F.2d at 957-58.

Civil No. 08-1918 (JAF)                                                                      -5-

the outcome of the case).  Therefore, we modify our order to impose attorney's fees only against Defendant Gómez-Colón, in his capacity as President of the State Electoral Commission of Puerto Rico.  See Fed. R. Civ. P. 60.

In accordance with the foregoing, we **GRANT IN PART** Plaintiffs' motion for reconsideration, Docket No. 103.  We hereby **ORDER** Defendant Gómez-Colón to pay Plaintiffs $67,550.34 in attorney's fees.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 24th day of April, 2009.

                                            S/José Antonio Fusté
                                            JOSE ANTONIO FUSTE
                                            Chief U.S. District Judge